FILED
2014 AUG 22 PM 4:03
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TONY RIVERS,
        Plaintiff,

-vs-                                    Case No. A-14-CA-484-SS

JOHNSON CUSTODIAL HOME, INC. and
LEGACY CARE CENTERS, INC. both d/b/a
Maggie Johnson Nursing Home,
        Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Johnson Custodial Home, Inc. and Legacy Care Centers, Inc.'s Motion to Dismiss [#10], Plaintiff Tony Rivers's Response [#11], and Defendants' Reply [#12]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion to dismiss.

### Background

Plaintiff Tony Rivers worked as a Certified Nursing Assistant at the Defendants' nursing homes. Rivers is male, but he routinely wears a female wig, makeup, jewelry, and women's clothes. Rivers alleges Defendants hired a new administrator who harassed Rivers about his appearance and ultimately terminated Rivers on the allegedly false allegation Rivers abused a patient. Following the termination, Rivers alleges he applied for other jobs but was always turned away once the employers checked his employment references. Rivers thus filed suit against the Defendants, alleging: (1) gender discrimination under Title VII; (2) gender discrimination under Texas state law;

(3) defamation, based on alleged reports given by Defendants to Rivers's potential new employers; (4) various tortious interference claims based on those same alleged reports; and (5) failure to pay overtime under the Fair Labor Standards Act. Defendants now move to dismiss the defamation and tortious interference claims pursuant to Texas's anti-SLAPP statute,[1] the Texas Citizens Participation Act (TCPA).

## Analysis

### I.  Legal Standard

The TCPA allows a defendant to obtain a dismissal of a claim if the defendant "shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right of free speech." TEX. CIV. PRAC. & REM. CODE § 27.005(b). A plaintiff may save such a claim from dismissal only by establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). "'Exercise of the right of free speech' means a communication made in connection with a matter of public concern." *Id.* § 27.001(3). Matters of public concern include "issue[s] related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id.* § 27.001(7).

### II.  Application

Defendants contend their alleged comments to Rivers's prospective employers during reference checks qualify as an exercise of the right of free speech. Defendants reason these private communications about Rivers are a matter of public concern because Texas law recognizes truthful

---

[1] SLAPP stands for "Strategic Lawsuit Against Public Participation." Anti-SLAPP statutes are intended to prohibit or deter such lawsuits.

disclosures about employees by employers "benefit[] the public welfare" and are subject to a qualified privilege. *See* TEX. LAB. CODE § 103.001; *see also id.* § 103.004(a) (establishing the qualified privilege). The Court disagrees and holds the alleged statements in this case do not fall within the ambit of the TCPA because (1) private communications are not protected by the statute; and (2) Defendants have not shown, by a preponderance of the evidence, any statements they made relate to matters of public concern.

The twin purposes of the TCPA, according to the Texas legislature, are "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. As one of the few Texas appellate courts to have construed this relatively young statute recognized, the Texas legislature's expressed purpose in passing the anti-SLAPP statute was "to protect a citizen's public participation." *Whisenhunt v. Lippincott*, 416 S.W.3d 689, 698 (Tex. App.—Texarkana 2013, pet. filed). The *Whisenhunt* court surveyed the Texas cases involving free speech claims under the TCPA and concluded all of them involved alleged statements "readily available to the public." *Id.* at 699. The court therefore held "if a person is not exercising his right to speak freely in public, the TCPA will not apply to suits filed against him." *Id.* at 700; *see also id.* ("[T]he TCPA does not apply to speech that is only privately communicated.").

Rivers alleges Defendants made false statements about him when prospective employers called to check his references. There is no allegation any of these statements were made to anyone other than the specific employers who called. In *Whisenhunt*, the court reversed the trial court and held the TCPA did not apply to defamation and tortious interference claims brought based on

allegedly false statements made privately to third parties. *Id.* at 699–700. Although Rivers raised *Whisenhunt*'s holding prominently in his Response, Defendants made no effort to respond to its holding or reasoning, or to distinguish it. Defendants' Reply does not even cite or acknowledge the case. The Court holds the private communications in this case, like those in *Whisenhunt*, are not covered by the TCPA, and Defendants are therefore not entitled to dismissal.

Alternatively, even if private statements do qualify for protection, the Court holds Defendants have failed to carry their burden under the statute of showing, by a preponderance of the evidence, their alleged statements related to a matter of public concern. The qualified privilege afforded to employers represents a policy choice made by the Texas legislature to protect employers who disclose information about employees which they reasonably believe to be true. *Tex. Lab. Code* § 103.001. Although the statute contains a reference to benefitting the "public welfare," Defendants have not identified any case holding the existence of the qualified privilege makes all employer statements about employees "matters of public concern." The Court declines the invitation to be the first court to so hold. Because Defendants have not shown their alleged statements qualify as an "exercise of . . . the right of free speech," they are not entitled to dismissal.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants Johnson Custodial Home, Inc. and Legacy Care Centers, Inc.'s Motion to Dismiss [#10] is DENIED.

SIGNED this the 22nd day of August 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE